UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------------X
                                                :
MELESIO GUZMAN,                                 :
                                                :
                              Plaintiff,         :          18 Civ. 10232 (PAE)
             -v-                                :                  (KHP)
                                                :
NANCY A. BERRYHILL,                             :          OPINION AND ORDER
Commissioner of Social Security,                :
                              Defendant.         :
                                                :
-----------------------------------------------------------------------X
```

PAUL A. ENGELMAYER, District Judge:

Plaintiff Melesio Guzman brings this action under the Social Security Act ("SSA"), 42

U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social

Security (the "Commissioner") denying his application for Supplemental Security Income under

the SSA. Before the Court is the April 26, 2019 Report and Recommendation of the Hon.

Katherine H. Parker, United States Magistrate Judge, recommending that the Court grant the

Commissioner's motion to dismiss. Dkt. 30 (the "Report"). For the following reasons, the Court

adopts the Report in full.

## DISCUSSION

"A district court may set aside the Commissioner's determination that a claimant is not

disabled only if the factual findings are not supported by 'substantial evidence' or if the decision

is based on legal error." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (citation omitted);

*see also* 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Burgess*, 537 F.3d at 127 (citation omitted).

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at \*2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at \*4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

On May 14, 2019, Guzman filed a document, styled as an objection, to the Report. Dkt. 31 ("Pl. Objection").[1] He observes that the Report concludes that Guzman's appeal to the District Court from the Appeals' Council's decision was untimely under 42 U.S.C. §§ 405(g) and 405(h). Guzman writes that "[s]imultaneously with the filing of his opposition to the Administration's motion, [he] submitted a request to the Appeals Council for additional time to file his federal court appeal. Only the Appeals Council has authority to extend the 60-day time limit." Pl. Objection at 1. Guzman does not object to the substance of the Report but does "request that the District Court refrain from ruling" until the Appeals Council has acted on his request for additional time. *Id.*

---

[1] The Report advises that "[t]he Plaintiff shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure . . . ." The Court notes that the Report was filed on April 29, 2019, Dkt. 30, but Guzman's objection was filed *15* days later, *i.e.*, on May 14, 2019. Thus, Guzman's objection to the Report was untimely. Nonetheless, the Court will consider Guzman's late objection.

On June 4, 2019, the Commissioner filed a letter advising the Court that the Appeals Council denied Guzman's request for an extension of the deadline to commence an action in the District Court, for failure to demonstrate good cause. Dkt. 32; *id.* Ex. 1.

The Appeals Council having now denied Guzman's request for a *nunc pro tunc* extension of the deadline to commence an action in the District Court, the Court adopts the Report in its entirety. Having carefully reviewed Judge Parker's thorough and well-reasoned Report, the Court agrees with its conclusions that Guzman's appeal to the District Court was untimely, that Guzman is not entitled to equitable tolling of the statute of limitations, and that, accordingly, the Complaint is time-barred.

## CONCLUSION

For the reasons articulated in the Report, the Court grants defendants' motion to dismiss. The Court respectfully directs the Clerk of Court to terminate the motion pending at docket entry 20 and to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: July 24, 2019
      New York, New York